# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BRUCE LLOYD,                          )
                                     )
     Movant,                        )
                                     )
v.                                   )          CV417-073
                                     )          CR415-184
UNITED STATES OF AMERICA,            )
                                     )
     Respondent.                    )

# <u>REPORT AND RECOMMENDATION</u>

Guilty-plea convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), Bruce Lloyd has filed a 28 U.S.C. § 2255 motion asserting that counsel was ineffective for failing to argue that he was improperly sentenced under the Armed Career Criminal Act (ACCA).[1]  Docs. 39 & 40; *see* docs. 1 (indictment); 26 (plea agreement); 35 (judgment for 188 months' incarceration).  He seeks to neutralize his enhanced sentence, arguing that his prior convictions were improperly used to brand him an armed career criminal.  He also contends his counsel was ineffective for failing to so argue at sentencing, and that she failed to appeal his sentence despite his

---

[1] The Court is citing to the criminal docket in CR415-184, and all page numbers are those imprinted by its CM/ECF docketing software.

asking.  Docs. 39 & 40.  The Government opposes.  Doc. 45.

# I.    ANALYSIS

## A.    The ACCA

The ACCA imposes an enhanced sentence upon § 922(g) felon-with-a-gun offenders who have at least three prior convictions "for a violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1).  Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life).  18 U.S.C. § 924(e)(1).

## B.    Background

Lloyd pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  Doc. 26.  His Presentence Investigative Report (PSR) deemed him an armed career criminal, based upon two prior convictions for possession with intent to distribute and for the sale of marijuana and one prior conviction for robbery.  *See* PSR at ¶¶ 34, 39 & 40.  Counsel initially raised, but later withdrew after further review of the record, a contention that Lloyd's robbery conviction under O.C.G.A. § 16-8-40 did not qualify as a "violent crime" for ACCA enhancement.

*See* PSR, Addendum; doc. 42 (sentencing hearing transcript) at 6-8 (noting the admitted factual basis of his robbery conviction involved the "use of force," so counsel was forced to withdraw her objection). Counsel also argued that Lloyd's two marijuana convictions, while "serious drug offenses" for ACCA enhancement purposes, should be considered less serious than if they had been for "crack, heroin, [or] cocaine." *Id.* at 6. The Court, based on counsel's argument, sentenced Lloyd at the lowest end of the advisory guidelines, to run consecutively to any sentence imposed on pending state charges. *Id.* at 10 (sentencing movant to 188 months' imprisonment). Lloyd did not appeal his sentence. *See* doc. 36 (signed notice of post-conviction consultation, affirming movant's decision not to file an appeal after counsel fully explained the consequences of doing so[2]).

---

[2]  The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision. See *Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal). That written memorialization, in turn, can avoid the expense associated with an evidentiary hearing. *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011); *see also Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) (citing cases where similar § 2255 motions were summarily addressed based on the Notice). Created by this Court nearly a decade ago, it continues to document consultations and thus cabin "lost appeal" claims. *See, e.g., United States v. Ervin*, CR416151, doc. 60-1 (S.D. Ga. Feb. 6, 2017) (executed Notice).

## C.    Three ACCA Predicates

### i.    Robbery

Lloyd was convicted of robbery in violation of O.C.G.A. § 16-8-40. PSR at ¶ 34; doc. 45-1 (state criminal court plea hearing transcript) at 2-11.  He disputes that the crime qualified as a "violent felony" for ACCA-enhancement at sentencing.  Docs. 39 & 40.  ACCA violent felonies must either (1) have "as an element the use, attempted use, or threatened use of physical force against the person of another" (elements clause), or (2) be "burglary, arson, or extortion, [or] involve [ ] the use of explosives"

---

Movant and counsel signed and witnessed one another's signatures on May 19, 2016.  Doc. 36.  In so doing, counsel certified (and Lloyd agreed) that she had met with him, explained the appellate process and his rights to appeal his conviction and sentence, advised him of the advantages and disadvantages of filing an appeal, and thoroughly inquired of him about his interest in appealing.  *Id.*  After this consultation, Lloyd "decided not to file an appeal, and [his] attorney has explained to [him] the consequences of failing to do so."  *Id.* at 4.  Apparently forgetting that he signed this form, Lloyd now contends that he actually asked counsel to appeal and that she failed or refused to do so.  Doc. 39 at 7.

But the Notice defeats Lloyd's § 2255 claim.  Doc. 39 at 7.  It demonstrates instead that Lloyd expressly instructed counsel not to file an appeal.  *Id.*; *see also* doc. 42 (sentencing transcript) at 12-14 (advising Lloyd of his right to appeal and informing him of his ability to request that "the clerk of court [ ] prepare a notice of appeal for [him] . . . upon [his] written request.").  In the face of nothing more than self-serving conclusions, movant will not now be heard to declare differently.  *Cf. Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea. . . . [Consequently,] the representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 71-74 (1977)).

(enumerated (property) crimes clause). 18 U.S.C. § 924(e)(2)(B)(i); *see Taylor v. United States*, 495 U.S. 575, 585-97 (1990) (reviewing legislative history of the ACCA). Felonies that previously qualified under the residual clause -- those that "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another" -- no longer count. *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 2557 (2015).

Robbery in Georgia can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching." O.C.G.A. § 16-8-40. Given the disjunctive listing of statutory elements, Georgia robbery cannot categorically qualify as a violent felony following *Johnson*. *In re: Herman McClouden*, No. 16-13525-J (11th Cir. July 12, 2016), copy available at *McClouden v. United States*, 2016 WL 5109530 at *4 (S.D. Ga. Sept. 20 2016). Instead, it must be analyzed under the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276, 2281 (2013) (the modified categorical approach is used when a statute is "divisible," such that it "sets out one or more elements of the offense in

the alternative").

Robbery by intimidation occurs when "[a] person . . . with the intent to commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another . . . ." O.C.G.A. § 16-8-40(a)(2). "A conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror -- such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." *Smith v. State*, 247 Ga. App. 173 (2000). On the state statute's elements, that's a clear use of the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(l)(2)(B)(i); *Brown v. United States*, WL 7013531 at *3 (S.D. Ga. Nov. 7, 2016) (citing *Cooks v. United States*, 2015 WL 7069665 at *2 (S.D. Ga. Nov. 13, 2015) ("[R]obbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened. Although this definition does not include the word force, the natural corollary of an act that creates fear

for the safety of a person is the threatened use of physical force against that person.")).[3]   *See Hires*, 825 F.3d at 1303 ("because [Brown's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [he] being sentenced today.").

The guilty plea transcript reveals that Lloyd admitted the way he committed the robbery constituted "robbery by intimidation."[4]  Doc. 45-1 at 2-11; *see United States v. Diaz-Calderone*, 716 F.3d 1345, 1350 (11th Cir. 2013) (to establish the crime defendant was convicted of committing,

---

[3]   Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force.  *See United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002).  Other circuits have held that similar robbery by intimidation statutes fall under the elements clause.  *See*, *e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014); *United States v. Taylor*, 529 F.3d 1232, 1237 (9th Cir. 2008);  *United States u. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (Virginia robbery by intimidation statute involved threatened use of physical force); *see also United States v. Smith*, 2016 WL 6875877 at * 6 (E.D. Tenn. Nov. 21, 2016) ("All federal courts of appeals which have considered robbery offenses that . . . require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-force clause.") (collecting cases).

[4]   To determine the statutory basis for conviction, a court may consult certain "*Shepard*" documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms.  *Johnson v. United States*, 559 U.S. 133, 144 (2010).  Undisputed PSR facts may also be used in determining the statutory basis for conviction.  *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

the court may consult a transcript of the plea colloquy to determine "the factual basis for the plea which was confirmed by the defendant"). Here, the prosecutor proffered as the factual basis for movant's plea that Lloyd and his codefendant Frazier had approached the victim; Frazier held the victim at gunpoint, robbed him of $20, then forced him to drive to an ATM; then Frazier handed the gun to Lloyd to hold while he aided the victim in withdrawing money from the ATM. Doc. 45-1 at 2-5. Lloyd was later found with the gun, and eventually admitted under questioning that he had indeed been involved in the robbery. *Id*. at 5-6. Defense counsel affirmed that the factual recitation was "our understanding, Your Honor," and Lloyd pled "guilty" to, *inter alia*, the charge of "robbery." *Id.* at 7; *see Diaz-Calderone*, 716 F.3d at 351 (counsel's admission of the factual basis for a plea "established a sufficient basis for the court's finding of fact that [movant] was indeed admitting that he did" what counsel acknowledged he did).

As set forth by the Government, "defense counsel admitted that the factual basis for Lloyd's guilty plea to robbery involved holding the victim at gunpoint. . . . Robbing a victim at gunpoint necessarily 'plac[es] such person in fear of immediate serious bodily injury' and so

constitutes robbery by intimidation under O.C.G.A § 16-8-40(a)(2)." Doc. 45 at 9. That counts as one ACCA predicate violent felony. *See generally Green v. United States*, 2017 WL 819680 at \*5 (S.D. Ga. Mar. 1, 2017) (Georgia robbery by intimidation remains ACCA predicate violent felony); *Brown v. United States*, 2016 WL 7013531 at \*3 (S.D. Ga. Nov. 7, 2016) (same).[5]

### ii. Drug Offenses

Lloyd also disputes that his two prior convictions for possession with intent to distribute and for the sale of marijuana, in violation of O.C.G.A. § 16-13-30(j), were ACCA predicates. Doc. 39 & 40. Interestingly, he doesn't dispute that the statute itself is not a "serious drug offense." Rather, he contends that because he was arrested for possession of "just a few grams" of marijuana on each offense, these are

---

[5] Because Lloyd's prior conviction counted -- both at sentencing and today -- as an ACCA predicate violent felony, counsel could not have in good faith argued otherwise. *Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (counsel is not ineffective for failing to pursue a "nonmeritorious issue"); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same). Indeed, counsel specifically argued that the PSR incorrectly categorized Lloyd's prior conviction as a violent felony, *see* PSR, addendum, but then *withdrew* her lodged objection after reviewing the plea colloquy and realizing the admitted factual basis for his plea was robbery by intimidation. Doc. 42 at 6-8. Counsel's concession that, after fully investigating the issue, the law was clear that Lloyd had an ACCA-qualifying conviction and that she would not pursue such a losing argument does not render her representation deficient.

9

"minor" offenses not warranting career criminal treatment. Doc. 40 at 5. But that's not how the ACCA works -- the inquiry is whether one has a qualifying "serious drug *offense*" on one's record, not the *amount* of narcotics recovered by arresting officers.

A "serious drug offense" is defined as "an offense under State law, involving . . . distributing, or possessing with intent to . . . distribute a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Lloyd was convicted under O.C.G.A. § 16-13-30(j) for possessing with intent to distribute and the sale of marijuana, a Georgia Schedule I controlled substance. PSR at ¶¶ 39 & 40; *United States v. Stevens*, 654 F. App'x 984, 987 (2016) (to constitute an ACCA-predicate offense, "the undisputed facts in [the *Shepard* documents must] show that [defendant] was convicted under Georgia law of possession with intent to distribute marijuana (not mere possession of marijuana)."); *Hires*, 825 F.3d at 1302 (undisputed PSR facts may be relied upon in determining the statutory basis for conviction); *Ramirez-Flores*, 743 F.3d at 823 (same).

A conviction for violating O.C.G.A. § 16-16-13-30(j) is analyzed

under the modified categorical approach. *Stevens*, 654 F. App'x at 987 (because "§ 16-13-30(j)(1) lists disjunctively 'possession' and 'possession with intent to distribute' -- thereby creating separate offenses -- the statute is divisible.") (citing *Descamps*, 133 S. Ct. at 2281 (a statute is "divisible" when it "sets out one or more elements of the offense in the alternative") & *Vines v. State*, 296 Ga. App. 543 (2009) (finding evidence sufficient to support conviction for possession of marijuana under O.C.G.A. § 16-13-30(j)(1), but vacating a conviction for possession with intent to distribute where insufficient evidence existed of defendant's intent to distribute)).

Here, movant's marijuana convictions satisfy each of the criteria under the ACCA's "serious drug offense" definition because (1) it was a state law crime (2) punishable by up to ten years in prison (3) for the intent to distribute (4) a controlled substance under federal law.[6] 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. §§ 802(6), 812, Schedule I(c)(10)

---

[6] The Court notes that whether or not marijuana constitutes a "controlled substance" under *Georgia* law is immaterial -- enhancement is governed by definitions set forth in federal law, not state law, *United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996), and federal law requires only that Lloyd's *Shepard* documents establish that he was convicted of possession with intent to distribute and the sale of marijuana, state offenses punishable by at least one and up to ten years in prison. He does not dispute those facts.

(listing marijuana as a Schedule I controlled substance); *Reeves v. United States*, 2016 WL 6394308 at *3 (S.D. Ga. Oct. 26, 2016) (possession with intent to distribute a controlled substance in violation of the Georgia Controlled Substance Act, O.C.G.A. § 16-13 *et seq.*, is a valid ACCA predicate offense); *see also* O.C.G.A. § 16-13-30(j)(2) ("any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years"); *Olson v. State*, 166 Ga. App. 104, 110 (1983) (determining Georgia Controlled Substances Act maximum sentence for marijuana distribution is ten years). Notably, the amount of "grams" he was caught with simply doesn't matter. Both at sentencing and now, these offenses are qualifying "serious drug offenses" for ACCA sentence-enhancing purposes. So that's three qualifying convictions.[7]

## II.   CONCLUSION

With such a criminal record, Bruce Lloyd was properly given an

---

[7]   As with his robbery conviction, Lloyd's ineffective assistance of counsel claim fails. His marijuana convictions are ACCA predicates, and counsel had no duty to advance a nonmeritorious argument otherwise. *Diaz-Boyzo*, 294 F. App'x at 560 (11th Cir. 2008) (counsel is not ineffective for failing to pursue a "nonmeritorious issue"); *Winfield*, 960 F.2d at 974 (same).

enhanced sentence under 18 U.S.C. § 924(e)(1). His § 2255 motion is without merit and should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   15th   day of

June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA