UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE LLOYD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-073 |
| | ) | CR415-184 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R), doc. 9, to which Movant Lloyd has filed a "reply," doc. 10. Construing his reply as objections to the R&R, the Court has conducted a careful, *de novo* review of the file.

Movant's objections, recapitulating his arguments that counsel was ineffective and that he was improperly sentenced as an armed career criminal (doc. 10), only repeat the same legal and factual contentions the R&R addressed (and rejected) in full. He contends that Georgia robbery and possession with intent to distribute marijuana are not predicate convictions for sentencing enhancement under the Armed Career Criminal Act -- they are. *See* doc. 9 at 4-12. He contends that

counsel was deficient for failing to argue otherwise -- counsel wasn't. *See id.* at 9 n. 5 & 12 n. 7. Finally he objects that the Court failed to "view" his arguments under *Mathis* and *Descamps* (doc. 11 at 3) -- it didn't. *See* doc. 9 at 4-12 (applying the "modified categorical approach" as explained by the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) and *Descamps v. United States*, 570 U.S. \_\_, 133 S.Ct. 2276, 2281) (2013)).[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.[2] Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255

---

[1] He also demands the Court apply *Tanksley*, an out-of-circuit case involving a Texas marijuana offense under the ACCA. *See* doc. 11 at 3; *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017). That case, however, is both not binding on this Court (which sits in the Eleventh Circuit) *and* involves a different state's drug laws. Even if the Court were to look outside the Eleventh Circuit, Lloyd's prior conviction for *Georgia* possession with intent to distribute marijuana is unaffected by the *Tanksley* holding.

[2] Lloyd's request to vacate the R&R (doc. 11) because he was on lockdown and unable to file objections -- despite that he filed objections -- is further **DENIED** as moot.

2

Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith and movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 30 day of June, 2017.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.